## DISREGARD OF STATUTORY REGULATIONS IN OPERATION OF AN AUTOMOBILE.

Circuit Court of Cuyahoga County.

JOHN W. TAYLOR, ADMINISTRATOR OF THE ESTATE OF ISABEL HAMPTON ROBB, DECEASED, v. THE CLEVELAND RAIL- WAY COMPANY AND PAUL T. LAWRENCE.

Decided, December 2, 1912.

*Automobiles—Negligence—Operation of Motor Vehicle in Violation of Sections* 12603-4, *General Code—Negligence.*

The operation of a motor vehicle in violation of Sections 12603 and 12604, is *prima facie* evidence of negligence, where such operation of the motor vehicle caused a pedestrian, in order to avoid it, to step back in front of a moving street car which strikes and kills her.

*Ong, Thayer & Mansfield,* for plaintiff in error.
*Squire, Sanders & Dempsey* and *Stearns, Chamberlain & Royon,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

This was a suit for wrongful death of said decedent. On the 15th of April, 1910, the decedent was caught between two cars of the railway company at the corner of Euclid avenue and East 100th street, in the city of Cleveland, the one going east

on the south track of said company, and the other west on the north track. Being so caught, she was crushed to death.

These cars were on Euclid avenue, a main thoroughfare in said city, and at the point of this occurrence much used by vehicles of all kinds.

East 100th street does not cross Euclid avenue, but leads from said avenue to the south. This occurrence was in broad daylight, and resulted either wholly from the negligence of the decedent or from the combined negligence of the decedent and that of either one or both of the defendants, or wholly from the negligence of one or both of the defendants, or it was an accident for which no one was responsible because it did not result from the want of reasonable care on the part of anybody.

The plaintiff, as administrator of the decedent's estate, brought suit charging that it resulted wholly from the combined negligence of the defendants. Each defendant answered denying negligence on its part and charging negligence against the decedent. The case went to trial, and the court directed a verdict in favor of the defendant Lawrence, and submitted the question of the liability of the railway company to the jury, which returned a verdict in favor of the railway company. By proper proceedings the case is here for review, it being urged that the verdict in favor of the railway company is against the weight of the evidence, and that there was error on the part of the court in directing a verdict in favor of Lawrence.

We are of opinion that the evidence does not show want of reasonable care on the part of the decedent. She and another woman were walking on the north sidewalk on Euclid avenue; when they reached a point opposite to the sidewalk on the east side of East 100th street, they turned to cross Euclid avenue. This necessitated the crossing of both tracks of the railway company, and of course the devil strip between the tracks. At this time the two cars, already mentioned, were coming in opposite directions, the one from the east, being at a considerable distance from the line on which the women were crossing— at a rate and far enough away so that they crossed the track in safety—the one coming from the west was nearer, but the witness Falls says it was going slowly, apparently making a

stop. At any rate, this car was not approaching at such a rate of speed as to prevent these two women from passing in front of it with safety, for Miss Canfield, the woman who was with the decedent, did so cross. The witness Falls says, in describing the occurrence:

"They crossed the street between the curb and the street car track without any occurrence of moment, until they hesitated on the south track or rather the track of the east bound car, stepped back into or almost into the track of the west-bound car; the one woman, rather both ladies, started again for the south side of Euclid avenue, one lady continued on to the south side of Euclid avenue very hurriedly; the other lady stepped back into the devil strip."

This one who stepped back was plaintiff's decedent.

The defendant Lawrence was driving an automobile to the east, and was so near to the place where Miss Canfield crossed, and where Mrs. Robb must have crossed, that the mudguard of his machine grazed her clothing. Mrs. Robb then was in this situation immediately before she was caught. She was on the east-bound track, and but for the approach of the automobile she could have crossed in safety, but a dilemma presented itself. If she moved forward, she was in imminent danger from the automobile; if she stood still or stepped back, she was in danger from the approaching cars. She had to determine on the instant, and she stepped back and so was caught.

Both on reason and authority it is clear that one so situated is not bound to exercise such judgment as is required where one has time to deliberate and choose. It does not appear from the evidence that Mrs. Robb did not exercise as much care as an ordinarily prudent person would exercise when confronted with a like combination of circumstances, and so neither the action of the court in directing a verdict for the defendant Lawrence, nor the finding of the jury, can be justified on the ground of negligence on the part of the decedent.

We reach the conclusion, too, that the verdict of the jury in favor of the railway company is not by any means clearly against the weight of the evidence, and this largely on the evidence of the witness Falls, a part of which has been hereinbe-

fore quoted. The question then remains as to the direction of the court to return a verdict for the defendant Lawrence.

If there was any evidence tending to show that this defendant was negligent in any manner charged in the petition and that such negligence directly caused or contributed to the accident resulting in the death of Mrs. Robb, then this was erroneous.

At the time of this accident Lawrence was driving his automobile to the east on the south side of Euclid avenue. The witness Falls says that the machine swerved into the track of the east bound car to avoid a wagon which was standing on the south side of Euclid avenue east of the cross walk of 100th street. Miss Canfield stepped in front of the automobile, or rather rushed, and her clothing was grazed by the right front mudguard of the automobile. This automobile pulled then into the track in front of the east bound car. Either the defendant saw or failed to see these women; if he saw them and the situation they were in, he knew that his approach with the car was threatening to them, and calculated to cause them to step back as they did. It is possible that he did not see them until he had swerved into the track, because of the east bound car being between him and them, as it is not improbable that they did not see him until he so swerved into the track, or if they did see him, it must have been when he was far enough back of the car as that he could, if driving carefully, have stopped or slowed down his machine. As already said, it is possible that he did not see them until he swerved into the track, but the evidence tends to show that he was violating two sections of the statutes of the state, viz., Sections 12603 and 12604, General Code.

The first of these makes it an offense to operate a motor vehicle on the public road or highway at a speed greater than is reasonable or proper, having regard for width, traffic, use, etc., of such road or highway, or so as to endanger the property, life or limb of any person.

The second makes it an offense to operate a motor vehicle at a speed greater than fifteen miles an hour within the limits of any municipality.

The testimony tended to show that Lawrence so operated his vehicle as to endanger the life and limbs of whoever should

be crossing Euclid avenue at the point where these ladies undertook to cross; indeed, the danger to Miss Canfield who, by rushing across the street, avoided being hit by him, but who came so near to being hit that the mudguard grazed her clothing, tended to show that he was driving at a speed greater than fifteen miles an hour. True, the witness who says the speed was greater than fifteen miles an hour says he can not say how fast it was going, but that it was going at a speed higher than fifteen miles an hour. It by no means follows that because one can not say how fast an object is going, he may not positively know that it is going faster than some given speed. One does not need to have witnessed many horse races to know that a horse which is actually going at the rate of 2:10 is going faster than a three-minute gait, though he may not know whether it is going at a 2:10, 2:12 or 2:20 gait. All of us have ridden on railroad trains when we knew they were going more than twenty-five miles an hour, without knowing whether they were going at forty or fifty miles an hour. But one may operate an automobile or a street car at a negligent rate of speed, without violating a statute or a municipal ordinance. Whoever supposes that if he violates no statute and no municipal ordinances by the speed at which he is operating any vehicle, he is necessarily not negligent in the matter of speed, is most greviously mistaken.

The evidence tending to show in this case that Lawrence was violating either or both of the sections of the statute makes a *prima facie* case of negligence against him, but it is said that the evidence does not tend to show that this negligence, if established, contributed directly to the injury and death of the decedent. We think otherwise. The stepping back of Mrs. Robb when she saw the automobile approaching at such speed was not unnatural; it was such as might reasonably have been expected, and such as might not have been expected if he had been operating his machine at such a rate as is prescribed by Section 12603, General Code, that is, at a speed that was reasonable or proper, having regard to the width, traffic and use of the street, and so as not to endanger the life or limb of any person.

It is further said that if the defendant was negligent in such wise as to have contributed to the injury of Mrs. Robb, it was

not the negligence charged in the petition against Lawrence. This contention is not sound. The language of the petition in that regard is that this motor vehicle, operated by Lawrence, "was being propelled by said defendant over the street crossing and intersection described in the petition; that said defendant was operating said automobile at a dangerous and negligent rate of speed, greater than was reasonable or proper, having regard for width, traffic and use and the general and usual rules of said highway, and so as to endanger the lives of pedestrians thereon, and especially said Isabel Hampton Robb; that said defendant was then operating said automobile on said street in said city at more than fifteen miles an hour."

This charges the negligence which the evidence tends to establish, and which, as already pointed out, directly contributed to or caused the injury to Mrs. Robb.

We are not impressed with the soundnesss of the argument made on the hearing that the rate of speed of the machine had nothing to do with the accident; that it was the failure to stop or slow down, or the being at this particular point at this time, that caused Mrs. Robb to step back to the point where she was struck by the car. If this argument is sound, it could equally well be made against all statutes and all ordinances against the speed of motor and all other vehicles. The object of all these regulations is to prevent the operation of these vehicles in such wise that they are likely to strike and injure persons or property, and it is a matter of common knowledge that the momentum acquired by rapid motion enhances the difficulty of stopping or slowing down.

We reach the conclusion, therefore, that the court erred in directing a verdict for the defendant Lawrence. We find no error in the charge as given in reference to the railway company, nor do we find any error in refusing to charge as requested by the plaintiff before argument. Without stopping to analyze these requests, we call attention to the fact that the request was general as to the entire series, but we also find that as to each, there was matter asked that would justify a refusal to give in the exact words of the charge. The result is that the judgment

in favor of the railway company is affirmed, and the judgment in favor of Lawrence is reversed for error in directing the jury to bring in such verdict.

The case is remanded for further proceedings between the plaintiff and the defendant Lawrence.